**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TANYA GORDET, General Administratrix and Administratrix Ad Prosequendum of the ESTATE OF DAVID GORDET, Deceased, and TANYA GORDET, Individually, : : : : | |
| Plaintiffs : | CIVIL ACTION NO. 15-2070 |
| v. : | (JUDGE MANNION) |
| CHRYSLER GROUP, LLC, FIAT CHRYSLER AUTOMOBILES, NV, TED'S USED CARS, LLC d/b/a SAYLORSBURG AUTO SALES and JOHN DOE I-XV, : : : | |
| Defendants | |

## MEMORANDUM

Pending before the court are defendant, Ted's Used Cars, LLC's ("Ted's") motion for leave to file a third-party complaint (Doc. 73) and defendant, Chrysler Group, LLC's ("Chrysler") cross motion for leave to file a third-party complaint (Doc. 78). For the reasons set forth below, the defendants' motions are **GRANTED.**

## I. BACKGROUND

On November 14, 2014, plaintiffs filed a complaint against defendants in the Superior Court of Ocean County, New Jersey. (Doc.1 Exhibit A). Michael Gordet, the father of plaintiffs' decedent David Gordet, purchased a 1998 Plymouth Neon ("car") from Ted's. *See* (Doc. 1. Exhibit B, Page 10 at ¶3-4). Michael Gordet's car was manufactured by Chrysler. (Doc. 1 Exhibit B, Page 4 at ¶3-4). Plaintiffs allege, among other things, that the aforementioned car and the vehicle jack that was sold with the car are defective, which resulted in the death of plaintiffs' decedent, David Gordet. (Doc. 1 Exhibit B). On February 27, 2015, defendants removed this action to the United States District Court for the District of New Jersey based on diversity of citizenship. (Doc. 1). Thereafter, with the consent of all parties, the United States District Court for the District of New Jersey transferred this action to this court on October 21, 2015. (Doc. 30).

On August 17, 2017, Ted's filed a motion for leave to file a third-party complaint against Michael Gordet. (Doc. 73). Ted's alleges that Michael Gordet was negligent for failing to provide jack stands and/or tire blocks to David Gordet and for improper use of the tire jack. (Doc 73. at ¶11). As a result, Ted's alleges that, if judgment is entered against it, then Michael Gordet is "liable over to Original Defendant by way of contribution and/or

indemnity." (Doc. 73 Exhibit C at ¶26). On September 14, 2017, Chrysler filed a cross motion for leave to file a third-party complaint containing the same allegations alleged by Ted's against Michael Gordet. (Doc. 78).

## II. LEGAL STANDARD

Defendants' motion and cross motion for leave to file a third-party complaint are brought pursuant to Federal Rule of Civil Procedure 14(a) ("Rule 14"). Rule 14 provides that "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Moreover, Local Rule 14.1 provides that:

> A motion by a defendant for leave to join a third-party defendant under Fed. R. Civ. P. 14(a) shall be made within three (3) months after an order has been entered setting the case for trial, or within six (6) months after the date of service of the moving defendant's answer to the complaint, whichever shall first occur.

M.D. Pa. L.R. 14.1. However, Local Rule 14.3 also provides that, Local Rule 14.1 may be suspended upon a showing of good cause. *See* M.D. Pa. L.R. 14.3.

The purpose of Rule 14(a) is "to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought so they expedite the final determination of the rights and liabilities of all the

interested persons in one suit." See *Naramanian v. Greyhound Lines, Inc.*, No. 07-4757, 2010 U.S. Dist. WL 4628096 (E.D. Pa. Nov. 15, 2010). In order to utilize the procedure of Rule 14, a third-party plaintiff must demonstrate some substantive basis for its claim. *Pitcavage v. Mastercraft Boat Co.*, 632 F. Supp. 842, 845 (M.D. Pa. 1985). Moreover, the Third Circuit has held that:

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

*FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994). Furthermore, in a diversity action, the court must apply state law in order to determine if a third-party plaintiff has raised a proper substantive basis for its claim. *See Robbins v. Yamaha Motor Corp.*, 98 F.R.D. 36, 38 (M.D. Pa. 1983) (citing *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)).

If there is a proper substantive basis for the filing of a third-party complaint, the court must determine if it should permit the filing of the third-party complaint. As such, the court may consider: (1) the possible prejudice to the plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion. *Gonzalez v. Angelus Sanitary Canning Mach. Co.*, No. 09-1455, 2010 U.S. Dist. WL 4514332, at *2 (M.D. Pa. Nov. 2, 2010).

## III. ANALYSIS

Moving defendants argue they should be granted leave to file a third-party complaint against Michael Gordet, because of new information obtained during discovery. *See* (Docs. 73 & 78 at ¶9). Specifically, moving defendants received a Recorded Statement Summary that allegedly indicates Michael Gordet assisted his son in placing the car on a car jack. (Docs. 73 & 78 at ¶9).

In opposition to the present motions, plaintiffs correctly point out that "A third-party complaint must set forth a claim of secondary liability such that, if the third-party plaintiff is found liable, the third-party defendant will be liable to him/her under a theory of indemnification, contribution or some other theory of derivative liability recognized by the relevant substantive law…" (Doc. 80 at 5) (quoting *Santana Prods., Inc. v. Bobrick Washroom Equipment, Inc.*, 69 F.Supp. 678, 690 (M.D. Pa. 1999). Plaintiffs argue that "The motion of Defendants is improper in that it seeks to assert that Michael Gordet was liable to plaintiff in more than a derivative sense." (Doc. 80 at 5). Plaintiffs rely heavily on the court's decision in *Toberman v. Compas*, to support their position; however, the present case is distinguishable from *Toberman*. *Toberman v. Compas*, 800 F.Supp. 1239 (M.D. Pa. 1992).

In *Toberman*, the court determined that the third-party complaint "does not comprise a proper third party claim under Rule 14," because the complaint

failed to allege a theory of derivative liability, but instead stated that third party defendants were solely and directly responsible for Plaintiffs' injuries. *Id.* at 1242-43. The *Toberman* court noted that there was no indication that the third-party plaintiff's theory of recovery was anything other than direct liability, especially considering that their complaint stated that the third party defendants were liable for indemnity and contribution because they are wholly responsible for plaintiffs' injuries. *Id.* This is not the case here.

This case is more akin to *Tulpehocken Spring Water v. Orbist* Americas and *Herndon Borough Jackson Township Joint Municipal Authority v. Pentair Pump Group*, where our sister courts held that the defendant's third-party complaint was properly pled pursuant to Rule 14. *Tulpehocken Spring Water, Inc. v. Obrist Americas, Inc.*, No. 09-2189, 2010 U.S. Dist. WL 5093101, at *5 (M.D. Pa. Dec. 8, 2010); *Herndon Borough Jackson Township Joint Municipal Authority v. Pentair Pump Group*, Inc., No. 12-1116, 2015 U.S. Dist. WL 2166097 (M.D. Pa. May 8, 2015). The *Tulpehocken* court determined, based on a plain reading of the third-party complaint, it did not appear that defendant sought to impose sole and direct liability upon their proposed third-party defendant. *Tulpehocken*, 2010 U.S. Dist. WL 5093101, at *5.

While moving defendants' proposed third-party complaint certainly contains language that "can be read as arguing primary liability" on the part of

Michael Gordet, "this is not the only permissible reading of the Third Party Complaint," as Judge Brann held in *Pentair*. *Pentair*, 2015 U.S. Dist. WL 2166097, at *2. Likewise, the proposed complaint does allege that Michael Gordet is secondarily liable to moving defendants. *See* (Docs. 73 & 78 Exhibit C at ¶ 25-26). Reading moving defendants' proposed third-party complaint liberally, it alleges that, in the event that moving defendants are found to have manufactured and/or sold a defective product, Michael Gordet's negligence contributed significantly to the car falling off the car jack and, ultimately, to David Gordet's death. This would constitute a joint tort, and therefore Michael Gordet would be liable to moving defendants because moving defendants would have paid in excess of their fair share of the total losses.

Thus, as moving defendants plainly state, "if Third-Party Plaintiff is held liable to Original Plaintiffs…, then…Michael Gordet is liable over to Original Defendant by way of contribution and/or indemnity." (Docs. 73 & 78 Exhibit C at ¶26). Based on the court's reading of moving defendants' proposed third-party complaint, moving defendants have sufficiently alleged liability from Michael Gordet to moving defendants, and therefore moving defendants proposed third-party complaint is proper pursuant to Rule 14.

Before the court must determine if it should permit the filing of the third-party complaint, it must determine if there is a proper substantive basis under state law for the filing of a third-party complaint.

A district court's choice of law determination is governed by the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941). Because Pennsylvania is the forum for this action, its choice of law rules apply to plaintiffs' contribution and indemnity claims. Generally, in order to determine which state's law governs the present claims, the court must "weigh the contacts on a qualitative scale according to their relation to the policies and interests underlying the contribution issue." *Shields v. Consolidated Rail Corp.*, 810 F.2d 397, 400 (3d Cir. 1987). However, since Pennsylvania and New Jersey law both recognize contribution among joint tortfeasors and the right to indemnity as valid substantive bases for a claim, the court will forego a contacts analysis. *See Id.*; *Cartel Capital Corp. v. Fireco of New Jersey*, 410 A.2d 674, 684 (N.J. 1980); *Agere Systems, Inc. v. Advanced Environmental Technology Corporation*, 552 F.Supp. 2d 515, 521 (E.D. Pa. 2008). Therefore, moving defendants have alleged a proper substantive basis in their proposed third-party complaint.

After finding a proper substantive basis under state law for filing a third-party complaint, the court may consider: (1) the possible prejudice to the

plaintiff; (2) complication of issues at trial; (3) probability of trial delay; and (4) timeliness of the motion. *Gonzalez,* 2010 U.S. Dist. WL 4514332, at *2.

Plaintiffs allege that all four of these factors weigh in their favor and thus, the court should deny moving defendants' motions for leave. The court disagrees. The court acknowledges this case has been ongoing for a substantial period of time; however, the addition of Michael Gordet slightly adding to the length of litigation will not prejudice plaintiffs, as they suggest. Similarly, the issues at trial will not be so complicated and the trial will not be so delayed as to warrant the court's denial of moving defendants' motions. As the plaintiffs' decedents' father, Michael Gordet, would likely have been asked to testify at trial anyway. In addition, since the moving defendants' claim against Michael Gordet arose out of the same incident as the original complaint and he has already been deposed, the court does not anticipate that his addition will unduly delay trial.

Finally, plaintiffs' assert that defendants' motions are untimely because they had previous knowledge of Michael Gordet's involvement; defendants argue that this information, which forms the basis of their third-party complaint, is newly discovered information. While the court recognizes plaintiffs' arguments that defendants' previously possessed various evidence indicating Michael Gordet's involvement, including a demand letter sent to Michael

Gordet's insurance carrier seeking policy limits for "…at the very least, Michael Gordet's failure to provide David Gordet with jack stands and tire blocks…"; the court does not find that this evidence put defendants on notice of the same level of involvement by Michael Gordet as the Recorded Summary Statement did approximately one year later. Since moving defendants filed their motions for leave within a reasonable amount of time after discovering this new information, the court finds no reason to deny defendants' request for leave because of timeliness.

### IV.　CONCLUSION

Upon consideration of the purpose of Rule 14 and the abovementioned factors, the court concludes that granting moving defendants leave to file their third-party complaint is permissible. Thus, moving defendants' motions shall be **GRANTED.** An appropriate order shall follow.

*s/Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 28, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-2070-01.docx